

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 22, 1948

Hon. James C. Jones
Executive Director
Veterans Affairs Commission
Austin, Texas

Opinion No. V-688

Re: Eligibility of veter-
ans for tuition exemp-
tion at State Schools
of Collegiate rank af-
ter exhaustion of
eligibility under the
"G. I. Bill".

Dear Sir:

We refer to your letter from which we quote as follows:

"We respectfully request from you an opin-
ion which we hope will clarify the provi-
sions of Sec. 4, Art. 2654-1, Texas Civil
Statutes:

"1. If a veteran has exhausted his
eligibility for education under Public Law
16, 78th Congress, Public Law 346, 78th Con-
gress, or any amendments thereto; is he then
eligible for exemption from payment of tui-
tion fees in State supported schools under
this law in order to pursue additional edu-
cation?

"2. If the answer to our first ques-
tion is yes, for how long may a veteran at-
tend a State supported school while receiving
exemption from payment of tuition under this
law? If he receives a B. A. degree, may he
continue his education in the same school,
or another school, in order to receive his
Masters and/or Ph.D? If he receives his
Pre-Medical degree in one school, may he
receive exemption from payment of tuition
under this law in order to continue on in
medical school until graduation?"

Section 1 of Article 2654b-1, Vernon's Civil
Statutes, (Acts 1933, 43rd Leg. 1st C.S. Ch. 6, p. 10)
concerning the exemption of war veterans of the Spanish-

American War and World War I from payment of tuition fees
in State supported institutions of higher learning, reads,
in part, as follows:

"Sec. 1. The governing boards of the
several institutions of collegiate rank,
supported in whole or in part by public
funds appropriated from the State Treasury,
are hereby authorized and directed to ex-
cept and exempt all citizens of Texas, who
have resided in Texas for a period of not
less than twelve (12) months prior to the
date of registration, and who served during
the Spanish-American and/or during the World
War as nurses or in the armed forces of the
United States during the World War, and who
are honorably discharged therefrom, from
the payment of all dues, fees, and charges
whatsoever, including fees for correspon-
dence courses; provided, however, that the
foregoing exemption shall not be construed
to apply to deposits, such as library, or
laboratory deposits, which may be required
in the nature of a security for the return
of or proper care of property loaned for
the use of students, nor to any fees or
charges for lodging, board or clothing. The
governing boards of said institutions may
and it shall be their duty to require every
applicant claiming the benefit of the above
exemption to submit satisfactory evidence
that the applicant is a citizen of Texas
and is otherwise entitled to said exemption
o o o "

In Acts 1943, (48th Leg. Ch. 337, p. 568) the
above section was reenacted to continue in full force
and effect, subject only to the addition of a new sec-
tion to be known as Section 3. This new section con-
cerning the exemption of certain veterans of World War
II from payment of tuition in State supported institu-
tions of collegiate rank, reads:

"Sec. 3. All of the above and fore-
going provisions, conditions and benefits
hereinabove in this Article provided for
in Section 1, . . . shall apply and accrue
to the benefit of all nurses, members of
the Women's Army Auxiliary Corps, Women's

Auxiliary Volunteer Emergency Service, and all members of the United States armed forces, regardless of whether members of the United States Army or of the United States Navy or the United States Coast Guard, who have or are now serving, or who may after the passage of this Act, serve in the armed forces of the United States of America during the present World War Number II, being the war now being prosecuted, and which was entered into on or shortly after December 7, 1941, by the United States of America against what are commonly known as the Axis Powers; provided, further, that all the above and foregoing persons named have been honorably discharged from the services in which they were engaged.  And, provided further, that the benefits and provisions of this Act shall also apply and inure to the benefit of the children of members of the United States Armed Forces, where such members were killed in action or died while in the service.  The provisions of this Act shall not apply to or include any member of such United States Armed Forces, or other persons hereinabove named, who were discharged from the service in which they were engaged because of being over the age of thirty-eight (38) years or because of a personal request on the part of such person to be discharged from such service. .

o   o   o

Another section, codified as Section 4 of the same Article was added by Acts 1945, 49th Legislature, Chapter 338, page 552, and provides as follows:

"Sec. 4.  The exemption from the payment of dues, fees, and charges as provided hereinabove in Section 1 and Section 3 of this Article shall not apply to or include honorably discharged members of such United States Armed Forces, or other persons hereinabove named, who are eligible for education or training benefits provided by the United States Government under Public Law No. 16, 78th Congress, or amendments thereto, or under Public Law No. 346,

78th Congress, or amendments thereto, or under any other Federal legislation that may be in force at the time of registration in the college concerned of such ex-service man or woman. As to all ex-service men or women as defined in this section, the governing boards of each of the several institutions of collegiate rank, supported in whole or in part by public funds appropriated from the State Treasury, are hereby authorized to enter into contracts with the United States Government, or any of its agencies, to furnish instruction to such ex-service men and women at a tuition rate which covers the estimated cost of such instruction or, in the alternative, at a tuition rate of One Hundred Dollars ($100.00) a semester, as may be determined by the governing board of the institution concerned; provided, however, that if such rates as herein specified are prohibited by Federal law for any particular class of ex-service men or women, then, and in that event, the tuition rate shall be such rate as may be agreed to by said governing boards, but in any event not less than the established rates for civilian students; provided further that should the Federal law provide as to any class of veterans that such tuition payments are to be deducted from any subsequent benefits which said veteran may be hereafter entitled to receive, the educational institution concerned is hereby authorized and directed to refund to any veteran who is a resident of Texas within the meaning of this Act the amount by which any adjusted compensation payment is hereafter actually reduced on account of tuition payments made by the Federal government to such educational institution for such veteran."

In Opinion No. O-7316, a prior administration of this office had occasion to express its views with respect to pertinent questions concerning the sections of Article 2654b-1 above quoted and Public Laws 16 and 346, 78th Congress. We enclose a copy thereof for your use and convenience.

Among other matters, Opinion O-7316 advised that a veteran of World War II, honorably discharged,

eligible to secure *training or educational benefits* under Public Law No. 346, 78th Congress, as amended, is not entitled to the benefits conferred on veterans of World War II under State statute, Article 2654b-1, as amended, and is not exempt from payment of tuition in a State supported institution of higher learning under any existing State law. That opinion applies to veterans who are eligible to secure "G. I." Bill educational benefits.

As to those veterans, however, who have exhausted the benefits to which they were eligible under the "G. I." Bill, we think they should now be treated for purposes of the State exemption law, Article 2654b-1 as amended, as are those other veterans who are not or were never entitled to benefits under the "G. I." Bill.

The purpose of Section 4 of Article 2654b-1 is clearly to allow the governing boards of each of the several institutions of collegiate rank to realize tuition payments from the Government on those veterans entitled to "G. I." Bill educational benefits. We find no intendment in said Section 4, or other provision of Article 2654b-1, that the exemption provided therein should go only to those veterans, citizens of Texas, who were entitled to no "G. I." Bill educational benefits.

We think Article 2654b-1, as amended, is clearly to the effect that all veterans, citizens of Texas, designated therein, are entitled to the exemption provided therein where they are not, or where they are no longer, entitled to receive educational benefits under the so-called "G. I." Bill. To construe Article 2654b-1 to the effect that only those veterans designated therein who may not realize the benefits afforded under the "G. I." Bill or who never may have participated in the benefits of that bill are entitled to exemption provided in the State law would be to read into said law provisions which simply are not contained therein. Accordingly, we answer your first question in the affirmative.

With respect to your second question, a close examination of Article 2654b-1, as amended, will reveal no provision therein limiting the length of time during which a veteran exempt under said law may attend our State institutions of higher learning without payment of tuition. Of course, he must meet the scholastic requirements and other rules and regulations applicable to all students entering or desiring to continue educational pursuits in said institutions. But having met those re-

quirements, he may continue his education exempt from the payment of tuition under Article 2654b-1, as amended, until such time as the Legislature may pass laws fixing a definite duration of time or limiting his rights.

### SUMMARY

A veteran, citizen of Texas, who has exhausted his eligibility for educational benefits under Public Laws 16 and 346, 78th Congress, and amendments thereto, is eligible for exemption from payment of tuition in State institutions of higher learning as provided in Article 2654b-1, V. C. S., as amended.

Article 2654b-1, V. C. S., does not limit the length of time during which a veteran eligible and designated therein, may attend State institutions of higher learning without payment of tuition.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

CEO:mv

By *Chester F. Ollison*

Chester E. Ollison
Assistant

APPROVED:

*Price Daniel*

ATTORNEY GENERAL